**369 P.2d 492**

**Willis L. JACOBSON, Plaintiff and Respondent,**

**v.**

**TOWN OF WEST JORDAN, INC., et al., Defendants and Appellants.**

**No. 9472.**

Supreme Court of Utah.

March 19, 1962.

Hanson, Baldwin & Allen, Salt Lake City, for appellants.

Robert B. Hansen, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff, in his capacity as a taxpayer, brought this action for an accounting against the Town of West Jordan and the individual defendants. From an adverse judgment, the defendants appeal and plaintiff cross-appeals.

For several years prior to April 24, 1956, the Town of West Jordan had conducted

and promoted athletic events, particularly prize fights, in its park. The proceeds realized from this activity were placed in a "Park Fund." On the aforementioned date the Town Board transferred the money from this fund, which amounted to $1,726.-44, to The West Jordan Park Benefit Association, a nonprofit corporation. On this appeal the parties evidently concede that this transfer was illegal, and it is therefore an issue which we need not determine.

Thereafter, the Association promoted and conducted athletic and other events in the Town park. The Association paid the Town rents for the use of the park and, in addition, made various improvements to the park. A disputed "improvement" was the construction of a prize fight or boxing ring and the necessary accouterments thereto. The Association became defunct in 1958 and ceased to function.

The trial court found that the transfer had been made without consideration and without legal authority. He also found, however, that the Association had expended, for the benefit of the Town, the sum of $1,611.81, which he allowed as an offset against the amount found due from the defendants, to-wit, $1,726.44, leaving a balance of $114.63 plus interest.

Plaintiff contends that the trial court erred in permitting any offsets. In this regard, we think the lower court was correct.[1] While the transfer may have been without legal authority (which we do not have to decide), it was made in good faith and, at most, under a mistake of law.

Defendants complain that the trial court erred in refusing to allow as an offset the sum of $1,150.13, which was expended for the boxing facilities. Counsel and the trial judge were under the impression that prize fighting was illegal,[2] and the judge assigned this as one of the reasons for disallowing an offset for the boxing facilities. That prize fighting is now legal was argued upon a motion for a new trial, which motion was denied.

It is our opinion that the construction of the boxing facilities was in the same category as the other items allowed as offsets, and the amount expended thereon should have been included. This would then make the amount in offsets in excess of the amount originally transferred to the Association.

Reversed and remanded for further proceedings in accordance with this opinion. No costs.

WADE, C. J., and HENRIOD, McDONOUGH, and CROCKETT, JJ., concur.

1. Rest. of Restitution, Sec. 53.

2. 76–47–1, U.C.A.1953, which made prize fighting illegal was repealed by Laws of Utah 1953 (1st S.S.) Ch. 13.